LEOPOLDO VENEGAS, Mayor of Coamo, Petitioner, *v.* DISTRICT COURT OF PONCE, Respondent.

No. 697. Argued March 31, 1930.—Decided May 31, 1930.

Guerra Mondragón & Soldevila for petitioner. *Leopoldo Tormes* and *Manuel A. Rivera* for the removed officer and intervener.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

Section 29 of the Municipal Law, as amended in 1928 (Session Laws, p. 356), provides that:

"The administrative officers shall be removed from office only by the mayor, from whose decision the officer removed may take an appeal, . . . . before the corresponding district court, which shall consider and decide the question of fact and law involved in the appeal within a term not exceeding thirty (30) days from the filing of the complaint on appeal."

The principal question sought to be raised by petitioner herein is whether or not an appeal from the judgment of the district court in a case of this kind operates as a supersedeas. A preliminary question is whether or not the judgment of the district court rendered on appeal from an order of removal made by a mayor is in turn appealable. If not, there can be no question of supersedeas.

The Municipal Law does not provide for a second appeal.

Section 295 of the Code of Civil Procedure (Comp. Statutes 1911, section 5338) reads in part as follows:

"Sec. 295. An appeal may be taken to the Supreme Court from a District Court:

"1. (*As amended by act of March 11, 1908, page 84*). From a final judgment in an action or special proceeding commenced in the court in which the same is rendered, within one month after the entry of judgment.

"2. (*As amended by act of March 9, 1905, page 136*). From a judgment rendered on an appeal from an inferior court, within fifteen days after the entry of such judgment, should the value of the property claimed or amount of the judgment not including products and interest thereon exceed three hundred dollars ($300)."

This was not an action or special proceeding commenced in the district court. The proceeding originated in the mayor's office. The judgment of the district court was rendered on appeal from the order made by the mayor. There is nothing to show that "the value of the property claimed or amount of the judgment" exceeded three hundred dollars. There is nothing to show that any property was claimed. The judgment was not for any amount. There is nothing to show that any amount was involved.

The case of *Coll* v. *Todd, Mayor,* 35 P.R.R. 572, is not in point. That was a proceeding commenced in the district court. In *Gutiérrez* v. *Monclova,* 39 P.R.R. 823, the question here decided was not discussed, nor considered. This question did not clearly appear upon the face of the petition for a writ of certiorari herein. Otherwise the writ would not have been issued.

The judgment of the district court was not appealable and the filing of a notice of appeal does not operate as a supersedeas.

The writ will be annulled.

Mr. Justice Texidor took no part in the decision of this case.